IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCIS JOEL RAMOS JUAREZ,   )
        Petitioner,   )
           )
           )
        v.   )   Civil A. No. 3:26-825
           )   Judge Nora Barry Fischer
MARKWAYNE MULLIN, et al.,   )
        Respondents.   )

**MEMORANDUM ORDER**

Presently before the Court are Petitioner's Petition for Writ of Habeas Corpus, (Docket No. 1), and the Respondents' Response to Petition for Writ of Habeas Corpus, (Docket No. 8). Petitioner, a citizen of Honduras, is currently detained at Moshannon Valley Processing Center. (Docket No. 1 at ¶ 1). He entered the United States in 2015, after making illegal entry, has been living in the interior of the United States since that time and has no criminal history. (Docket No. 1 at ¶¶ 1-3). Petitioner was recently arrested on April 24, 2026 and placed in removal proceedings as an alien present in the United States who has not been admitted or paroled. (Docket No. 1-3).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1 at Count I). In opposition, Respondents admit that this is a *Hurtado* case where Petitioner was arrested in the interior of the United States without being admitted and that he is being held in mandatory detention pursuant to § 1225(b)(2). (Docket No. 8). Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions in *Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026) and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). (Docket No. 8). Having considered the parties' positions, the lack of binding authority

- 1 -

from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[1] for the Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[2] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 14th day of May, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing under Count I;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

---

[1]      *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[2]      *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

- 3 -

IT IS FURTHER ORDERED that the Petition is DENIED to the extent it requests any additional relief beyond a bond hearing in Count I and Petitioner's claims at Counts II, and III are DENIED; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record